UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VICTOR LAMOUNT JONES,

                Plaintiff,

v.

KENT COUNTY CORRECTIONAL
FACILITY, et al.,

                Defendants.

_____/

Case No. 1:24-cv-764

Honorable Phillip J. Green

## OPINION

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983.  The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.  Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge.  (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court is required to conduct this initial review prior to the service of the complaint.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).  Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

## Discussion

### I.      Factual Allegations

Plaintiff is presently incarcerated at the Kent County Correctional Facility (KCCF) in Grand Rapids, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues KCCF and the Kent County Sheriff's Department, as well as the following KCCF staff and medical personnel: Unknown Parties #1, named as KCCF "Staff, Administration"; Unknown Party #1, named as KCCF "Staff, Religious Coordinator"; Unknown Parties #2, named as KCCF Vital Care Medical Staff; and Unknown Parties #3, named as Kent County Sheriff Department Correctional Staff.  (Compl., ECF No. 1, PageID.1, 2.)

Plaintiff's complaint is not a model of clarity; it contains a number of discrete allegations regarding alleged wrongdoing by unspecified persons.  Plaintiff first states that he has "written numerous kites requesting service, medical service, or dietary request," and "all request[s] have been not responded to or/and ignored by KCCF staff."[2]  (*Id.*, PageID.3.)  Plaintiff alleges that he is "being denied access to religious services," stating that "all that is offered are Christian base[d] services, no Muslim service[s] are held." (*Id.*)  Further, Plaintiff states that "inmates have limited access to [the] law library" and are "only granted full access if they are currently disputing allegation[s]." (*Id.*)

---

[2] In this opinion, the Court corrects the spelling and capitalization in quotations from Plaintiff's complaint.

Plaintiff also alleges that he "fell out in pain 6/27/24," and was denied medical care "even though [he] ha[d] [an] infection in [his] open wound in [his] rectum." (*Id.*)

Additionally, Plaintiff claims that he has "been de[nied] medical attention by Vital Core[3] Staff since 7/9/24 and ha[s] not been grant[ed] the proper dietary food to ease [his] medical digestive issue." (*Id.*)

Plaintiff further claims that he was "ethnically discriminated against by [non-parties] Jessica (Vital Core staff) and KCCF staff Dominez" when "they allowed Dillion Rowe [and] Dillion Tanner to cut in front of [Plaintiff]" on July 24, 2024. (*Id.*)

Plaintiff has requested "access to a notary service and copy service but ha[s] yet to receive them." (*Id.*)  Plaintiff "also requested information about [his] present case issue but ha[s] not received [the] information that [he had] requested."  (*Id.*) Further, Plaintiff's "legal mail has been given to another inmate and open[ed] outside of [his] presence on two occasions." (*Id.*)  Plaintiff was also "denied fee waiver forms" by non-party Mr. Goodson.  (*Id.*)

As relief, Plaintiff seeks 256.9 million dollars in monetary damages. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

---

[3] In this opinion, the Court uses "Vital Core" and "Vital Care" interchangeably to refer to the same entity.

U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.   Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive

6

rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Non-Party Individuals Referenced in the Complaint

In Plaintiff's complaint, the only individuals he references by name are three non-parties: Vital Care staff member Jessica, KCCF staff member Dominez, and Mr. Goodson. (Compl., ECF No. 1, PageID.3.)

Federal Rule of Civil Procedure 10(a) requires that a plaintiff "name all of the parties" in "[t]he title of the complaint." Fed. R. Civ. P. 10(a). Previously, this Court has concluded that "[o]nly those individuals and entities identified in the caption of the complaint are properly considered defendants in an action, regardless of the complaint's other contents or allegations." *Jones v. Smith*, No. 1:10-cv-568, 2012 WL 726665, at *1 (W.D. Mich. Feb. 1, 2012), *R & R adopted*, 2012 WL 726621 (W.D. Mich. Mar. 6, 2012); *see also Brown v. Mich. Dep't of Corr.*, No. 1:22-cv-16, 2022 WL 2900888, at *1 n.2 (W.D. Mich. Jul. 22, 2022) (concluding that corrections officers identified as defendants in a particular count of the complaint, but not named in the caption or in the form complaint "list of parties" were not parties to the action).

Moreover, even looking to Plaintiff's allegations against the three non-parties, he fails to state a claim against any of them. With respect to non-parties Jessica and Dominez, Plaintiff alleges that he was "ethnically discriminated against by Jessica (Vital Core staff) and KCCF staff Dominez" when "they allowed Dillion Rowe [and] Dillion Tanner to cut in front of [Plaintiff]" on July 24, 2024. (Compl., ECF No. 1, PageID.3.) Plaintiff does not indicate in what context these other inmates "cut in front of" him. (*Id.*) Even if Plaintiff intended to raise an equal protection claim, this

7

claim would be subject to dismissal for failure to state a claim because Plaintiff fails to allege any facts to suggest that the others were similarly situated in all relevant respects.  *See Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Further, as to Plaintiff's allegation that Mr. Goodson "denied [Plaintiff] fee waiver forms," to the extent that Plaintiff intended to allege that Mr. Goodson violated Plaintiff's right to petition the government by failing to provide Plaintiff with fee waiver forms for filing lawsuits, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process in this case.  *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).  And, Plaintiff fails to allege any facts to suggest that this denial resulted in any lost remedy in a non-frivolous lawsuit.  *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Accordingly, even if the Court considered Plaintiff's claims against the three non-parties, these parties would be dismissed because Plaintiff fails to state any claim upon which relief may be granted against the three non-parties.

### B.   Defendants KCCF and Kent County Sheriff's Department

Plaintiff sues the KCCF and the Kent County Sheriff's Department.  (Compl., ECF No. 1, PageID.1.)  The KCCF is a building and is not an entity capable of being sued in its own right.  *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit . . .[; i]t is a department of the county . . . .").  The Kent County Sheriff's Department also does not exist as a separate entity; it is simply an agent of the county.  *See Vine v. Cnty. of Ingham*, 884

F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cnty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988); *Bayer v. Almstadt*, 185 N.W.2d 40, 41 (Mich. Ct. App. 1970)).   Accordingly, for these reasons alone, Defendants KCCF and Kent County Sheriff's Department will be dismissed.

> **C.    Defendants KCCF "Staff, Administration"; KCCF Vital Care Medical Staff; and Kent County Sheriff Department Correctional Staff**

In addition to Defendants KCCF and Kent County Sheriff's Department, Plaintiff sues the following Defendants: KCCF "Staff, Administration"; KCCF Vital Care Medical Staff; and Kent County Sheriff Department Correctional Staff. (Compl., ECF No. 1, PageID.1, 2.)

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Iqbal*, 556 U.S. at 676.   "Summary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))).   Therefore, Plaintiff may not impose liability collectively on all staff employed by KCCF, Vital Care Medical, and the Kent County Sheriff Department.   Accordingly, for this reason alone, Defendants KCCF "Staff, Administration"; KCCF Vital Care Medical Staff; and Kent County Sheriff Department Correctional Staff will be dismissed.

### D.      Defendant KCCF "Staff, Religious Coordinator"

As explained below, Plaintiff fails to allege sufficient facts showing how Defendant KCCF "Staff, Religious Coordinator" was personally involved in the violation of his constitutional rights.  (*See generally* Compl., ECF No. 1.)

When listing the Defendants named in this action, Plaintiff lists KCCF "Staff, Religious Coordinator" as a Defendant, however, Plaintiff fails to name this Defendant when setting forth his factual allegations.  (*See id.*, PageID.2, 3.)  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).  Thus, Plaintiff's claims against Defendant KCCF "Staff, Religious Coordinator" fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal.  Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Accordingly, for these reasons, Plaintiff's claims against Defendant KCCF "Staff, Religious Coordinator" will be dismissed.

10

### E.    Kent County and Vital Care Medical

Finally, construing Plaintiff's *pro se* complaint with all required liberality, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even if the Court assumes that Plaintiff intended to sue Kent County—rather than the KCCF and the Kent County Sheriff's Department—and Vital Care Medical, the entity that provides healthcare at KCCF—rather than all staff employed by Vital Care Medical—as explained below, he fails to state a claim.

With respect to Vital Care Medical, a private entity that contracts with a governmental body to perform a traditional state function like providing healthcare to inmates, such as Vital Care Medical, can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Shadrick v. Hopkins Cnty., Ky.*, 805 F.3d 724, 736 (6th Cir. 2015). Here, Vital Care Medical "stands in the shoes of [Kent] County for purposes of § 1983 liability." *Shadrick*, 805 F.3d at 736. Therefore, the requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations); *Street*, 102 F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

Kent County and Vital Care Medical may not be held vicariously liable for the actions of their employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694.

11

Instead, both entities are liable only when an official policy or custom causes the injury. *Connick*, 563 U.S. at 60.  This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity or entity contracted to provide medical care, and show that his injury was incurred because of the policy or custom.  *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).  "Governmental entities [or entities contracted by a governmental entity to provide medical care] cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690.  Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law."  *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996).  "In short, a 'custom' is a 'legal institution' not memorialized by written law."  *Id.*

Here, although Plaintiff's complaint alleges wrongdoing by medical providers and corrections staff, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir.

12

Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).

Moreover, even liberally construing Plaintiff's complaint, as the Court is required to do, only Plaintiff's allegations about attending Muslim services and about using the law library have any suggestion of a custom or policy at KCCF. Specifically, Plaintiff alleges that he is "being denied access to religious services," stating that "all that is offered are Christian base[d] services, no Muslim service[s] are held." (Compl., ECF No. 1, PageID.3.) And, Plaintiff alleges that "inmates have limited access to [the] law library" and are "only granted full access if they are currently disputing allegation[s]." (*Id.*)

However, Plaintiff has alleged insufficient *facts* to show the existence of a policy or custom, and even if he had alleged sufficient facts to show the existence of a policy or custom, he fails to allege sufficient facts to show that any such policy or custom was the moving force behind his constitutional injuries. For example, as to Plaintiff's allegation that he was unable to attend Muslim services, Plaintiff fails to allege any facts about whether he is able to worship in his cell. *Cf. Living Water Church of God v. Charter Twp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007) (discussing that "a 'substantial burden' must place more than an inconvenience on religious exercise" (quoting *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004))). And, as to Plaintiff's claim regarding the lack of access

to the law library, Plaintiff fails to allege any facts to suggest that he suffered any injury to nonfrivolous litigation. *Cf. Christopher v. Harbury*, 536 U.S. 403, 415 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."). Therefore, because Plaintiff fails to allege sufficient facts to show that he suffered any constitutional injuries, he necessarily fails to show that any policy or custom caused a constitutional injury.

Accordingly, as set forth above, because Plaintiff fails to allege the existence of a policy or custom, Plaintiff fails to state a claim against Kent County and Vital Care Medical. Furthermore, even liberally construing Plaintiff's complaint to suggest the existence of a custom or policy, Plaintiff fails to show that he suffered any constitutional injuries as a result of any such custom or policy. Therefore, for all of the reasons set forth above, the Court will dismiss Plaintiff's claims against all named Defendants.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court

14

does not certify that an appeal would not be taken in good faith.  Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  <u>August 13, 2024</u>          <u>/s/ Phillip J. Green</u>
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge